UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SENG K. SAELEE,

                Plaintiff,

   v.

KING COUNTY,

                Defendant.

Case No. C14-646 JLR-BAT

**REPORT AND RECOMMENDATION**

Plaintiff Seng K. Saelee is confined at the King County Correctional Facility (KCCF). On May 16, 2014, he was granted leave to proceed *in forma pauperis* and his complaint seeking relief under 42 U.S.C. § 1983 was filed. Dkts. 7 and 8. The Court declined to serve the complaint and directed Mr. Saelee to file an amended complaint to correct noted deficiencies. Dkt. 9. On May 28, 2014, Mr. Saelee filed an Amended Complaint which is also deficient. Dkt. 10. It is recommended that this matter be dismissed without prejudice.

**BACKGROUND**

In his original complaint, Mr. Saelee alleged that on July 11, 2011, he was arrested for harassment and a no contact order (NCO) prohibiting him from contacting his mother was issued. He pled guilty and served twelve months in jail. On the day of his release on March 21, 2012, Judge Bathum told him that he would remove the NCO so that Mr. Saelee could return to

REPORT AND RECOMMENDATION - 1

his parents' house because he had nowhere else to go.  Ten months later, the King County Sheriff responded to an incident at the home of Mr. Saelee's parents.  Mr. Saelee contends that the incident did not concern him, but only his parents.  The officer ran Mr. Saelee's name in the computer, found the NCO in Mr. Saelee's records, and arrested him for violating the NCO.  Mr. Saelee states that he was held in jail for 66 days from January 12, 2013 until March 18, 2013, but was not convicted.  He claims that on March 18, 2013, the "judge" said the NCO was not valid and the state dropped the charge and he was released.  Dkt. 8.

The Court declined to serve the complaint because of several deficiencies, i.e., that Mr. Saelee named only the City of Seattle but did not allege that any policy of the city caused the violation of his constitutional rights.  Dkt. 9, p. 3.  Based on the facts alleged, the Court interpreted Mr. Saelee's claim as one claiming that he had been wrongfully arrested and advised Mr. Saelee that his allegations -- that the King County Officer arrested him after a computer check reflecting an active NCO --  did not state a viable Fourth Amendment claim.  *Id.*  Mr. Saelee filed an Amended Complaint.  In the amended complaint, he names only King County and alleges:

> Judge Bathum ordered a NCO between me and my mother lifted on 3/21/12.  Ten month [sic] later I was arrested for the same NCO that was suposs [sic] to be lifted, served time from 1/12/13 to 3/18/13 total of 66 days (dismissed [sic] on 3/18/13) King County District Court failed to remove the NCO as ordered by Judge Bathum thus resulting in my arrest and 66 day incarceration.

Dkt. 10, p. 3.

## DISCUSSION

The Court construes these allegations in the light most favorable to Mr. Saelee.  It appears that in his amended complaint, Mr. Saelee seeks to hold King County liable for the failure of an unidentified King County District Court Clerk to remove the NCO "as ordered by

REPORT AND RECOMMENDATION - 2

Judge Bathum." Dkt. 10, p. 3.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that defendants are "persons" acting "under color of state law," and that defendants deprived plaintiffs of a right or privilege secured by the Constitution or the laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

Mr. Saelee fails to state a cognizable claim under § 1983. First, he names only King County as a defendant. 42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law. Municipalities, such as King County, are subject to suit under § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690 (1978). However, in addition to naming the county, the plaintiff must also allege facts showing that the County's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, his civil rights or that the County ratified the unlawful conduct. *Id.,* 436 U.S. at 690–91. Mr. Saelee has failed to allege facts supporting a claim against King County. He does not allege that he was harmed as a result of any custom or policy of King County. Rather, he alleges he was harmed as a result of the negligence of an unidentified King County employee.

In addition, even if Mr. Saelee were granted leave to amend his complaint to name a proper defendant, such as the King County employee who allegedly failed to docket Judge Bathum's order, the lawsuit here could not proceed. The negligent deprivation of due process rights cannot amount to a Fourteenth Amendment violation. *Davidson v. Cannon*, 474 U.S. 344, 347-348 (1986) (extending holding in *Daniels v. Williams*, 474 U.S. 327 (1986) from substantive due process rights to procedural due process rights).

## CONCLUSION

Mr. Saelee has failed to state a claim upon which relief may be granted pursuant to 42

U.S.C. § 1983.  He was given an opportunity to cure noted deficiencies in his complaint but his amendment is also deficient.  Therefore, it is recommended that this action be dismissed prior to service **without prejudice.**

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order.  Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Any objections to this Recommendation must be filed and served upon all parties no later than Friday, **June 20, 2014.**  The Clerk should note the matter for Tuesday, **June 24, 2014**, as ready for the District Judge's consideration.  Objections shall not exceed eight (8) pages.  The failure to timely object may affect the right to appeal.

DATED this  28th   day of May, 2014.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4